UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEITH EDWARD FORD                          CIVIL ACTION NO. 09-1913

VERSUS                                     JUDGE S. MAURICE HICKS, JR

SHREVEPORT CITY POLICE DEPT.,              MAGISTRATE JUDGE HORNSBY
ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 24) filed on behalf of the City of Shreveport, Corporal Edward Deen, and Officer Rodney Medlin (collectively referred to as "Defendants"). Defendants seek dismissal with prejudice of Plaintiff Keith Edward Ford's ("Ford") excessive force, Monell, and state law claims. See id. These claims arise from a September 22, 2009 incident, which ultimately resulted in Ford being charged with unauthorized entry of a business in violation of La. R.S. 14:62.4. See Record Document 24-2 at ¶¶ 1, 7. Much of the incident was captured on video. See Record Document 24, Exhibit C. To date, the Motion for Summary Judgment is unopposed.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).[1]  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

---

[1] The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Under Local Rule 56.2, the nonmovant must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by [Local Rule]." Local Rule 56.2.

In the present matter, Ford has not filed an opposition to Defendants' Motion for Summary Judgment. On October 25, 2011, this Court issued a "Notice of Motion Setting" (Record Document 26) giving Ford twenty-one (21) calendar days to file an opposition to Defendants' Motion for Summary Judgment. As of the drafting of this Memorandum Ruling, Ford has filed no opposition. Thus, because the material facts set forth by Defendants (Record Document 24-2) have not been controverted, there is no genuine dispute as to any material fact.

Specifically, the Court notes that Ford's Fourth Amendment excessive force claim fails, as he has failed to controvert that the officers' "actions in assisting Plaintiff through

the window and placing him on the ground were justified due to the concern for officer safety and were not excessive" and that "the only injury sustained by Plaintiff occurred when he fell to the ground as a result of his intoxication and unsteadiness on his feet." Record Document 24-2 at ¶¶ 8, 10. Based on these undisputed facts, Corporal Deen and Officer Medlin are entitled to qualified immunity because their conduct did not violate Ford's constitutional rights.[2]

Likewise, Ford's Monell claim against the City of Shreveport fails, as he has presented no evidence to controvert the Defendants' statement that the Shreveport Police Department does not have a policy or practice of using excessive force. See Record Document 24-2 at ¶ 12. The Monell claim must, therefore, be dismissed.

Finally, Ford's pendant state law claims fail because "[u]nder Louisiana law, the same standard is used in analyzing a state law claim of excessive force as a constitutional claim, namely reasonableness under the circumstances." Reneau v. City of New Orleans, No. 03-1410, 2004 WL 1497711, *4 (E.D.La. July 2, 2004), citing Kyle v. City of New Orleans, 353 So.2d 969, 973 (La.1977) and Mathieu v. Imperial Toy Corporation, 646 So.2d 318, 323 (1994). As stated previously, Ford has presented no evidence to controvert that the officers' actions were not reasonable under the circumstances and the state law claims must be dismissed.

Based on the foregoing analysis, the Court finds that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law.

---

[2] A court ruling on the qualified immunity issue must consider if the facts alleged show the officer's conduct violated a constitutional right and whether the right was clearly established. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001).

Defendants' Motion for Summary Judgment (Record Document 24) is **GRANTED** and all of Ford's claims against Defendants are **DISMISSED WITH PREJUDICE**.

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of November, 2011.

_____<br>
S. MAURICE HICKS, JR.<br>
UNITED STATES DISTRICT JUDGE